Roe vs. Doe, ex dem. Johnson et al.

ROE, casual ejector, et al., vs. DOE ex dem. W. A. JOHN-
SON et al.

1. In an action of ejectment, when the title is brought down to two per-
sons, and the defendant offers a deed from one of the two for half of
the land, that deed is admissible as evidence to protect the defendant
holding under such deed from an eviction.

Ejectment, from Worth Superior Court.    Tried before
Judge LAMAR, at April Term, 1860.

The defendant in error brought an action to recover lot of
land No. 16, in the 16th district of Worth county.

After the plaintiff, on the trial, had introduced his evi-
dence and rested his case, defendant, among other things,
offered in evidence a deed from one Burch to Eliza Calhoun
for one-half of the premises in dispute.

Counsel for plaintiff objected to its introduction, on the
ground that it did not specify what half of the lot it was in-
tended to convey.   The Court sustained the objection, and
rejected the deed, holding that the same was void for uncer-
tainty.

To which defendant excepted.

Defendant then proposed to prove that said Burch had an
undivided half interest in the lot; that Calhoun and Burch
had bought the lot and had the deed made to them jointly,
and were equally interested.   The Court rejected the evi-
dence, and counsel for defendant excepted.

The jury found in favor of plaintiff.

SCARBOROUGH; WARREN & WARREN, for plaintiff in er-
ror.

STROZIER & SLAUGHTER, contra.

By the Court.—LYON, J., delivering the opinion.

The plaintiff brought the title down to one A. R. Broyles,
and after proving the defendant to be in possession, closed.
The defendant introduced a deed from A. R. Broyles to one

James H. T. Calhoun and Benjamin Burch, and then offered a deed from Burch to Eliza Calhoun for one-half the lot. The Court ruled that deed out for uncertainty, and we think the Court erred. That it failed to designate what particular part of the lot was conveyed by it, made no difference. The deed from Broyles to Calhoun and Burch vested in Burch a half interest in the lot, and Burch's deed conveyed that interest to Eliza Calhoun, and enabled her to enter on the land under it, by her tenant, Aultman. The plaintiff, under his demise from James H. T. Calhoun, could only have been let into the possession with Eliza Calhoun. His interest was as uncertain and indefinite as hers. That deed was sufficient to prevent an ejection of her tenant, and it ought to have been admitted for that purpose. If the tenant was holding more than half of the lot, the plaintiff ought to have asked for a partition.

Judgment reversed.